IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No.  07 CR 788 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| MANILEN MENDOZA | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Manilen Mendoza was indicted on November 29, 2007, on three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), in 2004 (Count I), 2005 (Count II), and 2006 (Count III).  During the trial, the government introduced evidence that between 2004 and 2006 Defendant obtained approximately $400,000 from investors for a series of concerts that Defendant claimed to be promoting; the concerts did not occur; Defendant did not return the money; and Defendant did not report the money as income on her tax returns. On March 12, 2009, after a jury trial, Defendant was convicted on all three counts.

Defendant now moves this Court pursuant to Fed. R. Crim. P. 29(c)(2) and 33(a) to enter a judgment of acquittal as to Count I, because she alleges the government did not introduce sufficient evidence of Defendant's guilt to support a jury verdict, and to order a new trial on the remaining counts because the Court ostensibly allowed the government to introduce unfairly prejudicial evidence over Defendant's objection, and because Defendant allegedly abandoned an argument during closing statements because the Court erroneously threatened to give a missing witness instruction.  For the reasons stated below, Defendant's motions are denied.

I.   **Motion for Judgment of Acquittal**

1

Defendant moves for a judgment of acquittal on Count I, arguing that the evidence is insufficient to sustain a conviction. "As a general matter, defendants challenging the sufficiency of the evidence face a high burden." *U.S. v. Squibb*, 534 F.3d 668, 671 (7th Cir. 2008). The court must uphold the conviction so long as any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *U.S. v. Turner*, 551 F.3d 657, 662 (7th Cir. 2008). To sustain a conviction under 26 U.S.C. § 7206(1), the government must prove beyond a reasonable doubt that: (1) the defendant made, or caused to be made, the income tax return; (2) the defendant signed the return under the penalty of perjury; (3) the defendant caused the return to be filed with the IRS; (4) the income tax return was false as to a material matter; and (5) "when the defendant made and signed the tax return, the defendant did so willfully and did not believe that the tax return was true, correct, and complete as to every material matter." Seventh Circuit Pattern Jury Instructions. Defendant challenges the sufficiency of the evidence only with regard to the fifth element. Defendant argues that "the Government did not present any evidence regarding Mrs. Mendoza's 2004 beliefs." Mot. 1.

Defendant's contentions are untrue. Government witness Stephen Gambill (Defendant's tax preparer) testified that, in addition to preparing Defendant's 2005 tax return, he reviewed Defendant's 2004 tax return with her before it was filed. As part of that review, Gambill asked Defendant questions regarding her income just as if he was preparing the return from scratch, and Defendant indicated that she had no income other than the income reflected on her 2004 tax return (which did not include the approximately $66,000 she received from St. Finn Barr School for the Lionel Richie concert that never took place). Thus, Gambill's testimony alone provided sufficient evidence for the jury to conclude beyond a reasonable doubt that at the time Defendant signed her 2004 tax return, she knew the return did not accurately reflect the amount of income

she received in 2004. Defendant's 2004 tax returns, which also did not report the $66,000 income from Defendant's so-called concert promotion business, would also have permitted a jury to reach this conclusion. Accordingly, Defendant's motion for judgment of acquittal on Count I is denied.

II.     **Motion for New Trial**

Upon the defendant's motion, a court may vacate any judgment and grant a new trial if the interest of justice so require. Fed. R. Crim. P. 33(a). "The decision to grant or deny a motion for new trial rests within the sound discretion of the trial court." *U.S. v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (citations omitted). While the district court's discretion to grant a new trial under Rule 33 is quite broad, there are limits to it. *Id.* The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand Courts are to grant them sparingly and with caution, doing so only in those really 'exceptional cases.'" *Id.*

Defendant claims that she is entitled to new trial for two reasons: (1) because she was unfairly prejudiced when the Court allowed four of the government's seven witnesses to testify about false statements that Defendant had made to them; and (2) because during closing arguments, the Court signaled that it would give a missing witness instruction, which caused Defendant to abandon one of her arguments.

a)  **False Statements Made By Defendant**

Before the trial, Defendant moved in limine to exclude "evidence that Ms. Mendoza may have made false representations to fraudulently induce the churches or individuals and evidence

3

that Ms. Mendoza may have made false statements to subsequently conceal any fraudulent inducement" as irrelevant and unfairly prejudicial pursuant to Fed. R. Evid. 402 and 403. Dkt. 29. This Court denied the motion. At trial, four individuals (Sister Celestine Bancal, Honoria Alcantara, Maria Gatdula, and Nora Gobert) testified that they gave Defendant money for specific concerts based on Defendant's representations that the money would be used to put on concerts in which they were investing. Defendant now argues that "so much evidence [of Defendant's false statements to investors] unfairly prejudiced her, and, thus, she would respectfully move for a new trial." Mot. 1.

Fed. R. Evid. 402 provides that evidence which is not relevant is not admissible. Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The elements of the crime of willfully and knowingly making, subscribing, and filing a false federal income tax return in violation of 26 U.S.C. § 7206(1) are described above. The evidence to which Defendant objects is relevant because in order to prove that Defendant's tax returns falsely reported her income, the government had to show that Defendant received funds for concerts that Defendant knew would not be staged, that those funds constituted income, and that that income was not reported. Evidence of Defendant's false representations to those four witnesses was not used to prove the "character of a person in order to show action in conformity therewith," as prohibited by Fed. R. Evid. 404(b). In fact, the Court explicitly instructed the jury that they could properly use the evidence of Defendant's misrepresentations to investors "only to determine whether [Defendant] willfully failed to include reportable income on her 2004, 2005, and 2006 tax returns," adding that "[Defendant] is not charged with fraud." Dkt. 42. If evidence that Defendant made false statements to induce

4

individuals to invest in her business was potentially prejudicial—and Defendant has not shown that it was prejudicial in any way—the Court's limiting instruction alleviated any potential unfair prejudice.

### b) Jury Instructions

During closing arguments, defense counsel Paul Camarena conceded that Defendant had received business funds and had failed to report them to the IRS. Tr. Def.'s Closing at 4-5, attached as Gov't's Resp. Ex. C. Focusing on the knowledge element required for a conviction under 26 U.S.C. § 7206(1), Defendant's theory of the case was that Defendant did not know that she was required to report the business funds on her tax returns. Camarena argued that Defendant believed she was not required to report the funds from investors in her concert business because she had not profited off the investments. Camarena recalled Defendant's testimony "that the reason why she didn't report her personal—her business income and expenses on her tax returns is because she had a net loss for the year." *Id.* at 8.

This argument required Defendant to take the position that she had used a portion of the funds from her concert business investors to pay business expenses, as documented in invoices and receipts that were introduced as exhibits during trial. During closing statements, Camarena made the following statement:

> Now, the prosecution may try to suggest to you that there isn't any evidence that the 200 and some exhibits in here were actually paid. You don't know that these checks were actually paid or these invoices were actually paid. For example, you don't know that the $18,000 listed on the Aragon Ballroom, Aragon Ballroom invoice was actually paid. Well, if it wasn't actually paid, folks, why didn't the prosecution ask her about that on the witness stand? Or why didn't the prosecution call someone from the Aragon Ballroom or someone from . . . .

Tr. Def.'s Closing at 9, attached as Gov't's Resp. Ex. C. The government objected and the Court asked to see the parties at sidebar. *Id.* at 10.

5

The Court interpreted Camarena's statement as asking the jury to draw an unfavorable inference against the government: because the government had failed to produce a witness to rebut Defendant's testimony that she had paid these invoices and receipts, the jury should infer that Defendant had in fact paid them. During the sidebar, the Court stated, "There's a pattern instruction that says that where witnesses are available to both parties, failure to call a witness is of no particular moment. Now, you're inviting me to give such an instruction." *Id.* The instruction referenced by the Court was Seventh Circuit Pattern Criminal Jury Instructions 3.24, which states that where "it was particularly within the power of the [government] to produce [a witness] who could have given material testimony on an issue in the case . . . failure to call [the witness] may give rise to an inference that his testimony would be unfavorable to it." This instruction is seldom given. *Id.* ("It is the view of the Committee that a missing witness instruction should not be given."); *U.S. v. DiSantis*, 565 F.3d 354, 364 (7th Cir. 2009) ("A district court has broad discretion in refusing to give missing witness instructions, which are generally disfavored."). The instruction will be given only where the absent witness is "peculiarly within the other party's power to produce" and his testimony would "elucidate issues in the case" and not be merely cumulative. *United States v. Mahone*, 537 F.2d 922, 926-29 (7th Cir. 1976), *cert. denied*, 429 U.S. 1025 (1976).

This Court's characterization of the missing witness instruction was slightly obscure, because in the typical situation, one party affirmatively requests a missing witness instruction when the other party fails to produce a witness. Here the situation was reversed: instead of requesting the missing witness instruction, Camarena was essentially arguing it directly to the jury. Nonetheless, the concerns animating the missing witness instruction were still relevant. The Committee Comment to Seventh Circuit Pattern Criminal Instruction 3.24 notes that "the

6

trial court must make an advance ruling before the instruction may be given or *the inference argued to the jury*" (emphasis added). *See United States v. Sblendorio*, 830 F.3d 2d 1382 (7th Cir. 1987) (summarizing cases). Where the witness is equally available to both parties, argument about one party's failure to call the witness invites "back-and-forth . . . speculat[ion] about the meaning of a great deal of non-evidence," so comment about missing witnesses is generally limited to those under the control of the adverse party. *Sblendorio*, 830 F.3d at 1394 (quoting *United States v. Keplinger,* 776 F.2d 678, 703 (7th Cir.1985)); *see also* Committee Comment to Seventh Circuit Pattern Criminal Instruction 3.24. In other words, the jury need not draw an unfavorable inference against a party for failing to call a witness when both parties had an opportunity to call the witness. The Court perceived Camarena's argument to be asking the jury to do exactly this, and acting within its discretion, warned him against arguing the inference further.[1] *Sblendorio*, 830 F.3d at 1394 ("[T]he administration of this principle, as of other prudential rules, is committed to the sound discretion of the district courts.").

At the sidebar, Defendant's counsel replied, "That's not a problem, Your Honor." *Id.* The Court then stated that "it is inappropriate . . . to comment—you know that those witnesses are available to both sides," and again cautioned Defendant's counsel that he was inviting additional instructions with his argument, to which Defendant's counsel replied "I understand that." *Id.*

---

[1] At no point during the sidebar did Defendant's counsel object to the Court's suggestion that an additional instruction may be appropriate in light of Defendant's argument or clarify the basis for the argument he was trying to make. This Court treated defense counsel's statement as arguing for an unfavorable inference against the government for failing to call a witness; Defendant now contends that counsel's statement was instead an "argu[ment] that the Government failed to prove the offense elements." Mot. 1. This is neither here nor there; defense counsel was still permitted to argue that the government had not met its burden of proof, but not by drawing an unfavorable inference from the government's failure to call a witness that either party could have called.

Defendant now claims that she is entitled to a new trial because she abandoned one of her arguments after this Court threatened to give a missing witness instruction. This motion is denied for two reasons. First, for the reasons stated above, the Court was within its discretion to warn defense counsel against pressing the unfavorable inference further. Second, it is not true that defense counsel abandoned this argument because the Court's suggested during the sidebar that an additional instruction may be appropriate; following the sidebar, Defendant's counsel continued making the same argument as before:

> It's [Defendant's] position that every single one of those invoices and statements and receipts and checks were paid. Every single one of them except for one. *And the prosecution has not offered any evidence to suggest that they were not paid*.

*Id.* at 10 (emphasis added). Although no longer direct referencing the government's failure to call certain witnesses, Defendant's counsel persisted in arguing that the government did not introduce any evidence rebutting Defendant's claim that she used a portion of the converted funds to pay unrelated business expenses. The interests of justice do not require a new trial in this situation.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal and for New Trial is denied.

Enter:
/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** July 9, 2009